**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| MAURICE CAMPBELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BRYAN HOSKINS, et al., )<br>)<br>Defendants. ) | No. 1:06CV181 TCM |

### MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). Plaintiff, an inmate at Missouri's Southeastern Correctional Center (SECC), brings this action under 42 U.S.C. § 1983 against employees of SECC for alleged violations of his constitutional rights. The Court has reviewed the complaint, and the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b).

### 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis

in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this § 1983 action against several employees of SECC. Named as defendants are Bryan Hoskins (Correctional Officer), Unknown Gilman (same), Unknown Clinton (same), Unknown Gram (same), Unknown Miller (same), T. Blisset (same), Dale Hassen (same), Unknown Wickliffe (same), Unknown Buhm (Classification Caseworker), Unknown Moore (same), Steve Dominique (same), C. Dowdy (same), D. Horn (same), M. Dorris (same), Donna Peters (same), Omar Clark (Associate Superintendent), Keith Mays (Function Unit Manager), James Phillips (Associate Superintendent), John Darrin (Mental Health Coordinator), Troy Steele (Superintendent), Laura Vance (Associate Superintendent), George Lombardi (Director, Division of Adult Institutions), Terry Moore (same), Steve Long

2

(same), Dale Riley (Director, Division of Classification and Treatment), Randee Kaiser (Director, Division of Offender Rehabilitation Services), and William Potter (same). Plaintiff seeks monetary and injunctive relief.

Plaintiff alleges that on December 9, 2005, defendants Hoskins and Gillman searched his cell and, according to Hoskins, they found a "metal looking rod." Plaintiff claims that defendants Hoskins, Gilman, Buhm, Clinton, Gram, and Miller later interrogated plaintiff regarding the presence of the metal rod in his cell. Plaintiff avers that defendants did not read to him a Miranda warning before or after the interrogation, nor did they allow him to place a phone call or have access to an attorney. Plaintiff claims that, as a result of the investigation, defendants conducted a hearing, issued him a major conduct violation, and transferred him to administrative segregation. Plaintiff further claims that he was not able to participate in scheduled parole hearings because of the conduct violation.

Plaintiff believes that he was denied due process of law because no Miranda warning was read to him, because he was not allowed to make a phone call, because no attorney was appointed to represent him at the hearing, because he was not allowed to present documentary evidence, and because the supervisory defendants did not dismiss the conduct violation.

## Discussion

The complaint is frivolous and fails to state a claim upon which relief can be granted because the allegations do not rise to the level of constitutional violations.

In order to determine whether plaintiff "possesses a liberty interest, [the Court must] compare the conditions to which [plaintiff] was exposed in segregation with those he . . . could 'expect to experience as an ordinary incident of prison life.'" Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003) (quoting Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997)).  In this context, the Court "do[es] not consider the procedures used to confine the inmate in segregation."  Id. (citing Kennedy v. Bankenship, 100 F.3d 640, 643 (8th Cir. 1996)).  For plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." Id.  Plaintiff makes no such assertions in the complaint, and as a result, plaintiff has failed to allege that defendants have infringed upon a constitutionally protected liberty interest. Consequently, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 5th day of March, 2007.

_____
UNITED STATES DISTRICT JUDGE